**David SCHINDLER and Sherry Schindler, Appellants,**

v.

**Stacie BAUMANN, Appellee.**

No. 05–08–00265–CV.

Court of Appeals of Texas, Dallas.

Dec. 9, 2008.

Rehearing Overruled Jan. 16, 2009.

Mike D. Gibbs, Dallas, TX, for Appellants.

Jason L. Wren, Randall G. Walters, Gregory R. Ave, Walters, Balido & Crain, LLP, Rosalyn Renee Tippett, Henry, Oddo, Austin & Fletcher, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a take-nothing summary judgment on David and Sherry Schindler's claims against Stacie Baumann.[1] The Schindlers sued Baumann for damages to their condominium after water allegedly leaked into their unit from Baumann's condominium. In two issues, appellants assert the trial court erred in granting Baumann summary judgment and in denying their motions for rehearing and to reopen the evidence. For the reasons that follow, we affirm the trial court's judgment.

### I.

As revealed by the summary judgment record, Baumann owned the condominium unit above the one owned by appellants. Appellants' condominium flooded after a

---

1. Although the style of the case on appeal and in the court below identify appellee as Staci Baumann, documents in the appellate record containing appellee's signature indicate the correct spelling of appellee's name is Stacie Baumann.

water filtration unit in Baumann's condominium leaked. The Schindlers sued Baumann for damages asserting causes of action for breach of contract, negligence, and violations of the Texas Uniform Condominium Act. Baumann filed a no-evidence motion for summary judgment on all of appellants' claims. Appellants filed a response that included the affidavit of David Schindler, an uncertified copy of the Amended and Restated Condominium Declaration, and photos of the water damage. Baumann filed objections to appellants' summary judgment evidence. After a hearing at which appellants did not appear, the trial court signed an order sustaining Baumann's objections and granting her summary judgment. Appellants filed a motion for rehearing and a motion to reopen evidence to include certified copies of the Declaration, Annexation Declaration, and the Schindler and Baumann deeds. The trial court denied appellants' motions. This appeal followed.

## II.

In their first issue, appellants assert the trial court erred in granting Baumann's no-evidence summary judgment motion because they presented sufficient evidence to support each element needed for their breach of contract, negligence, and statutory claims.[2]

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. See TEX.R. CIV. P. 166a(i); Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a

fact issue on the material questions presented. Gen. Mills, 12 S.W.3d at 833. We consider the evidence in the light most favorable to the nonmovant. See id.

Among the elements necessary to succeed on their breach of contract claim, appellants needed to present evidence of a valid contract existing between them and Baumann. See Petras v. Criswell, 248 S.W.3d 471, 477 (Tex.App.-Dallas 2008, no pet.). Appellants contend the amended and restated condominium declaration and annexation declaration for their condominium project, filed with the Rockwall County Clerk by the project developers, satisfy this element. Nothing in these declarations, however, purports to create a contract between appellants and Baumann or vests appellants with the right to sue to enforce the declarations. Although appellants cite two cases for the proposition that such declarations are treated as contracts, those cases are inapposite here as they did not involve claims between two owners but rather claims between condominium or homeowners' associations and owners. See Aghili v. Banks, 63 S.W.3d 812 (Tex. App.-Houston [14th Dist.] 2001, pet. denied); Herbert v. Polly Ranch Homeowners Ass'n, 943 S.W.2d 906 (Tex.App.-Houston [1st Dist.] 1996, no writ). Absent any evidence of a valid contract between appellants and Baumann, the trial court did not err in granting summary judgment against appellants on their breach of contract claim.

Appellants also assert a negligence claim against Baumann. In their petition, they alleged Baumann was negligent in installing and failing to maintain the filtration unit, failing to change the filter, and failing to maintain the water system. To

---

2. Appellants' argument relies on all of their summary judgment evidence, including the evidence to which Baumann objected and the trial court excluded, as well as the evidence appellants submitted in connection with their motion to reopen the evidence. For purposes of our analysis under this issue, we will consider all of appellants' proffered evidence.

prevail on their negligence claim, appellants must establish Baumann breached a legal duty proximately resulting in appellants' damages. *See Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998). The only evidence that purportedly addresses Baumann's alleged negligence, however, is contained in the affidavit of David Schindler. Schindler's affidavit identifies the source of the water causing the flooding as Baumann's water filtration unit and contends that water stains in the cabinet beneath the unit suggest the unit was leaking for "an extended period of time." Schindler also states that the manufacturer of the filtration unit advises the filter should be replaced every 1,000 gallons or six months. Schindler concludes every reasonable unit owner would have seen the water leak long before there was a large leak and discovered the leak upon replacing the filter.

■ To be competent summary judgment evidence, an affidavit must be based on personal knowledge, present facts admissible in evidence, and affirmatively demonstrate the affiant's competency to testify as to the matters stated therein. TEX.R. CIV. P. 166a(f). Schindler's affidavit does not provide any facts about the condition of the water filtration unit and resulting water damage. Additionally, there are no facts to support Schindler's conclusion that Baumann would have discovered the leak had she replaced the filter as recommended. As such, Schindler's statements on Baumann's responsibility for the water leak damage are conclusory. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no pet.). Conclusory statements are not competent summary judgment evidence because they are not credible or susceptible to being readily controverted. *Id.* More-

over, there is no evidence that Baumann did not change the filter as recommended. Because appellants did not present summary judgment evidence that raised a fact issue on the challenged elements of their negligence claim, the trial court did not err in granting Baumann summary judgment.

■ Appellants also assert they are entitled to recover damages caused by the water leak under section 82.117 of the Texas Uniform Condominium Act, which requires Baumann to pay for damage caused by negligence or wilful misconduct. We note at the outset that the fact that a person has suffered harm from an alleged violation of statute does not automatically give rise to a private cause of action. *See Witkowski v. Brian, Fooshee and Yonge Props.*, 181 S.W.3d 824, 831 (Tex.App.-Austin 2005, no pet.). Appellants have presented no argument or authority to support their position that a private cause of action exists under this section of the Act. Moreover, even if we were to assume a private cause of action exists under the statute, appellants would still be required to present evidence of Baumann's negligence or wilful misconduct in order to recover damages. *See* TEX. PROP.CODE ANN. § 82.117(3) (Vernon 2007). In their petition, appellants alleged Baumann failed to maintain her unit, resulting in the water leak. Once again, the only evidence appellants present with respect to Baumann's alleged negligence is contained in the Schindler affidavit. We have already determined this affidavit is insufficient to raise a genuine issue of material fact on the required elements of appellants' negligence claim. Thus, like their negligence claim, their statutory claim based on Baumann's alleged negligence, even if permissible, cannot survive Baumann's no-evidence summary judgment motion. We resolve appellants' first issue against them.

■ In their second issue, appellants contend the trial court erred in denying their motion for rehearing and motion to reopen evidence. Specifically, appellants challenge the trial court's rulings on Baumann's objections to their summary judgment evidence and argue that they were deprived of an opportunity to cure any alleged defects in their evidence. We have already considered in our disposition of appellants' first issue all the evidence appellants sought to include by their motions for rehearing and to reopen evidence. Accordingly, we conclude that even if the trial court erred in denying these motions, appellants have failed to establish they were harmed by the trial court's rulings. *See* Tex.R.App. P. 44.1. We resolve appellants' second issue against them.

We affirm the trial court's judgment.