**Affirmed; Opinion Filed June 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01107-CV

## ALBERT C. EVANS, Appellant
V.
## CITIBANK (SOUTH DAKOTA), N.A., Appellee

On Appeal from the 116th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-04945-F

## MEMORANDUM OPINION
Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

Appellant Albert Carl Evans appeals the trial court's summary judgment in favor of appellee Citibank (South Dakota), N.A. (Citibank), in a suit brought by Citibank to collect $10,237.81 in unpaid credit card debt. In eight issues, Evans argues (1) his testimony created a fact issue on the breach of contract claim, (2) the trial court erred by striking Evans's affidavit as a "sham," (3) the trial court erred by striking Evans's affidavit as conclusory, (4) summary judgment on the account stated claim was error because there is no evidence he agreed to a certain amount owed or that the statements were delivered to him, (5) Citibank's own evidence created a fact issue on the breach of contract claim as to the applicable finance charge, (6) summary judgment on an implied contract was improper because Citibank claimed the existence of an express contract between the parties concerning the same transaction, (7) summary

judgment on the breach of contract claim was error because there is evidence Evans had not seen any account statements, and (8) he was entitled to rely on the terms of an express contract, and the trial court erred in finding he acknowledged any other terms or amounts due. For the following reasons, we affirm the trial court's judgment.

## BACKGROUND AND PROCEDURAL HISTORY

Citibank filed this lawsuit against Evans on April 26, 2010, alleging that after he applied for and used his Citibank credit card account for more than two years, Evans stopped paying his credit card bill. Citibank sued Evans for $10,237.81, the unpaid balance owed on the account. Evans filed a general denial.

Citibank filed a traditional motion for summary judgment based upon Citibank's breach of contract and account stated claims. In support of that motion, Citibank submitted the affidavit of Abbie Motley, its representative, along with more than 200 pages of summary judgment evidence that included statements of the account, the relevant terms and conditions, copies of payments made on the account, the transcript of Evans's deposition, and affidavits filed by Evans's counsel in response to motions for summary judgment filed in similar cases. Motley stated in her affidavit:

> At all relevant times, [Evans] was the holder of the credit card account assigned account number: XXXXXXXXXXXX0421. . . .
>
> . . . .
>
> Attached hereto as Exhibit A–1 are true and correct reproductions of the computer records relating to account number XXXXXXXXXXXX0421. . . .
>
> . . . .
>
> [Evans] was provided, at the time the account was opened, a credit card along with the terms and conditions that apply to the use of the account. The terms and conditions, as they may be amended from time to time, govern [Evans's] account. By accepting and using the credit card account, [Evans] agreed to all of the terms and conditions, as well as any and all amendments to the terms

and conditions. Exhibit A–2 to this affidavit is a true and correct copy of the terms and conditions which applied to [Evans's] account at the relevant time. . . .

The initial financial terms, including the rate of interest, were stated on the first billing statement provided to [Evans]. Any subsequent change to the original financial terms in effect has been disclosed to [Evans] on the statements provided to [Evans].

As shown by A–1, [Evans] did use the credit card or account number to obtain extensions of credit from [Citibank] to acquire goods, services, cash advances, and [Evans] made payments on the Account, all of which are reflected in Exhibit A–1. In addition, attached hereto and incorporated herein as Exhibit A–3 are true and correct copies of payments made by [Evans] on the Account. . . .

The time did come in the ordinary course of the use of the Account that [Evans] did fail or refuse to repay the amount shown on the account statements. [Citibank] sent a final billing statement to [Evans] as part of its regular business practice. That final billing statement is reflected at pages 1193-1194 of Exhibit A-1. There is no record with regard to [Evans's] account XXXXXXXXXXXX0421 that the final billing statement was returned to [Citibank]. . . .

At the time the final account statement was sent to [Evans], the amount shown on the statement for account number XXXXXXXXXXXX0421 was $10,237.81. There are no (other) just debts, set-offs, credits, or allowances due or to become due from [Citibank] to [Evans], other than those noted.

Evans filed a response to Citibank's summary judgment motion that included his affidavit. The relevant portions of Evans's affidavit—paragraphs two, three, and four—read as follows:

I have reviewed the alleged credit card agreement, attached as Exhibit A-2 to Citibank (South Dakota) NA's Motion for Summary Judgment. I never saw that supposed contract prior to being sued in this case, and I never have or would have agreed to it because it is based upon South Dakota law and the interest rates are excessive. That purported agreement defines "account" as "the relationship established between you and use [sic] by this card agreement." Since I never had the so-called card agreement with [Citibank], I had no account pursuant to that purported agreement. I would not agree to be governed by South Dakota law and had never heard of Citibank (South Dakota) NA prior to being sued in this case.

I do not owe the $10,237.81 claimed by [Citibank] in this case. The alleged statements in Exhibit A-1 are erroneous. Furthermore, the statements were not delivered to me or my home. In Citibank Dakota's deposition of me, their lawyer hardly mentioned the name of NA and asked me about a Home Depot

Account.  On line 10, Page 16 of my December 15, 2010 deposition in this case, I clearly answered "No" to the question, "Have you ever had a credit card account with Home Depot?"  My answer stands and is the same as to [Citibank].  I never paid with my funds money to Home Depot or Citibank.

I certainly never had a credit card with the name Citibank (South Dakota) NA written on it.  Prior to this lawsuit, I had never heard of Citibank (South Dakota) NA.  Just because [Citibank] has the word "bank" in its name does not mean that it has good records.

Citibank objected in writing that Evans's affidavit was a "sham" because it contradicted Evans's prior deposition testimony, and that it was conclusory.  The trial court sustained both of Citibank's objections to Evans's affidavit and granted Citibank's summary judgment motion.  This appeal followed.

## DISCUSSION

### *Standard of Review*

We review summary judgments under well-known standards.  *See* TEX. R. CIV. P. 166a; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional motions under rule 166a(c)).  The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true.  *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.).  Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.  *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).  We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law.  *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

When, as in this case, the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm the summary judgment if any of the summary judgment

4

grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 417 (Tex. App.—Dallas 2012, no pet.). The trial court's order granting Citibank's motion for summary judgment did not specify whether summary judgment was granted on Citibank's breach of contract or account stated claim. Thus, if the motion supports summary judgment on either claim, we will affirm.

### Evans's Affidavit

In his second and third issues, Evans attacks the trial court's decision to strike his affidavit because it is a "sham" in that it contradicted Evans's prior deposition testimony, and that it was conclusory. We review the trial court's decision to admit or exclude summary judgment evidence under an abuse of discretion standard. *Holloway v. Dekkers*, 380 S.W.3d 315, 318 (Tex. App.—Dallas 2012, no pet.); *Allbritton v. Gillespie, Rozen, Tanner & Watsky, P.C.*, 180 S.W.3d 889, 892 (Tex. App.—Dallas 2005, pet. denied) (op. on reh'g); *Double Diamond, Inc. v. Van Tyne*, 109 S.W.3d 848, 852 (Tex. App.—Dallas 2003, no pet.). We must uphold the court's ruling if the record shows any legitimate basis supporting that ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Holloway*, 380 S.W.3d at 318.

A conclusory statement is one that does not provide the underlying facts to support the conclusion. *See Holloway*, 380 S.W.3d at 323; *Schindler v. Baumann*, 272 S.W.3d 793, 796 (Tex. App.—Dallas 2008, no pet.); *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.). Conclusory statements are not competent summary judgment evidence because they are not credible or susceptible to being readily controverted. *Schindler*, 272 S.W.3d at 796; *Eberstein*, 260 S.W.3d at 630. Conclusions in an affidavit are insufficient either

to support summary judgment or to raise a fact issue in response to a summary judgment motion. *Holloway*, 380 S.W.3d at 323; *Eberstein*, 260 S.W.3d at 630.

Citibank argues Evans's affidavit is nothing more than a recitation of "numerous conclusory statements with no supporting facts." Citibank points to the statements in Evans's affidavit such as he never "would have agreed to [the contract], he "never had the so-called card agreement with [Citibank]," he "would not agree to be governed by South Dakota law," he does "not owe the $10,237.81 claimed by [Citibank]," and that "[t]he alleged statements in Exhibit A-1 are erroneous." Citibank contends Evans does not support these assertions with evidence showing the debt does not exist, that the amount claimed by Citibank is incorrect, or that the debt does not belong to him. As for the statement in Evans's affidavit that "the [billing] statements were not delivered to me or my home," Citibank argues Evans offers no underlying facts to support this statement, e.g., no testimony that his address is or was different than the address printed on the credit card billing statements that are included in exhibit A-1 of Motley's affidavit.

We agree with Citibank that the statements quoted above from Evans's affidavit are conclusory and, thus, not competent summary judgment proof. The trial court reasonably could have determined that the portions of Evans's affidavit described above do not contain sufficient factual details to qualify as proper summary judgment proof. At no point does Evans present any underlying facts or documentation to support his assertions regarding the balance due on the account or that that the billing statements were not delivered to him. In addition, assertions regarding what Evans would or would not have agreed to are expressions of subjective belief and not susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996) (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (affidavits consisting of nothing more than conclusions or expressions of subjective belief are not

competent summary judgment proof). Accordingly, we cannot conclude the trial court abused its discretion by sustaining Citibank's objection that Evans's affidavit was conclusory.[1] We overrule Evans's second and third issues.

### *Account Stated*

In his fourth issue, Evans contends the trial court erred by granting summary judgment on the account stated claim because there was no evidence he agreed to a certain amount owed or that account statements were delivered to him. Evans also questions the validity of an account stated claim for the recovery of credit card debt. To recover under its account stated claim, Citibank had to prove (1) transactions between it and Evans gave rise to the indebtedness, (2) an agreement, express or implied, between the parties that fixed the amount due, and (3) Evans made an express or implied promise to pay the indebtedness. *Compton*, 364 S.W.3d at 417-18; *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.).

Regarding the pursuit of an account stated claim in a situation such as this, we have concluded in previous cases with very similar facts that summary judgments are appropriate for account stated claims brought based on delinquent credit card accounts. *See Compton*, 364 S.W.3d at 418; *Dulong*, 261 S.W.3d at 893; *Moir v. Citibank (S.D.), N.A.*, No. 05-09-00641-CV, 2010 WL 2574212, at *2 (Tex. App.—Dallas June 29, 2010, no pet.) (mem. op.). Other courts have done the same. *See, e.g., Busch v. Hudson & Keyse, L.L.C.*, 312 S.W.3d 294, 298 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Furthermore, "[b]ecause an agreement on which an account stated claim is based can be express or implied, Citibank did not have to produce a written contract as long as it could produce other evidence of the agreement between the parties

---

[1] Regarding Citibank's objection that the affidavit was a "sham," because we conclude the trial court did not abuse its discretion by sustaining Citibank's objection that the affidavit was conclusory, we need not address the other basis for Citibank's objection. *See* TEX. R. APP. P. 47.1.

to meet its burden of proof." *Dulong*, 261 W.W.3d at 893; *see also Compton*, 364 S.W.3d at 418. "An express contract arises when its terms are stated by the parties whereas an implied contract can arise from the acts and conduct of the parties." *Dulong*, 261 S.W.3d at 893.

Citibank's summary judgment evidence included an affidavit from its representative, Abbie Motley, and credit card billing statements for each month beginning in September of 2006 and ending in July of 2009. Each statement was addressed to Evans at the same address on Beltline Road in Irving, Texas, showed the same account number, and referenced Home Depot Credit Services. The statements showed charges and payments made during the more than two-year period. For the period of September 2006 to April 2009, the billing statements showed that regular payments were made on the account. The credit card billing statements also showed the credit available and the finance charges and interest rates for each billing period. Some billing statements included late fees. Motley attested in her affidavit that, at the time the final account statement was sent to Evans, the amount shown due on the statement for the account was $10,237.81. There is no evidence Evans ever objected to or disputed the fees or finance charges. Based on the series of transactions reflected on the account statements, it is reasonable to infer Evans agreed to the full amount shown on the statements and impliedly promised to pay the indebtedness.

Also included in the summary judgment record are copies of checks written to "The Home Depot" that were processed on March 7, June 11, and August 13, 2008. The checks are accompanied by payment stubs that show the handwritten amount of the payment reflected on each check. One of the checks contains the handwritten notation "Albert Evans," another says "Albert." All three checks were drawn on the account of Robin Evans, d/b/a C&R Management,

at the North Dallas Bank & Trust Co. The checks match minimum payments that were due during the respective billing periods.

Evans relies on *Morrison v. Citibank (S.D.), N.A.*, No. 02-07-130-CV, 2008 WL 553284 (Tex. App.—Ft. Worth Feb. 28, 2008, no pet.) (mem. op.) (per curiam), to argue Citibank failed to show he received the credit card billing statements. *Morrison* involved a trial before the court on Morrison's credit card debt based on ten credit card accounts. The records custodian presented records of Morrison's account statements and payments that showed Morrison regularly paid only the minimum amount due each month. *Id*. at *2. The custodian also testified that Morrison never disputed any of the charges or statements, and the record reflected that many of the unpaid statements were addressed to Morrison at the same address as the earlier statements on which she had made payments, which was also the address shown on her personal checks. *Id.* The trial court found that the bank mailed the final statement for each account to Morrison but did not know if Morrison received them. *Id.* The court of appeals concluded the evidence was factually insufficient to support the judgment for Citibank. *Id.* at *3.

This Court, however, has declined to follow *Morrison*. In *Compton*, we specifically pointed out that this Court has taken a different position on these facts on an account stated claim. *Compton*, 364 S.W.3d at 420 (citing *Dulong*, 261 S.W.3d at 894). We concluded that summary judgment based on an account stated claim is proper if the evidence shows account statements were sent to the debtor, charges and payments were made on the account, fees and interest were charged on the account, and there is no evidence the debtor ever disputed the fees or charges reflected on the account statements. *See Compton*, 364 S.W.3d at 418 (citing *Dulong*, 261 S.W.3d at 894). We have followed a similar line of reasoning in other cases. *See Hays v. Citibank (S.D.), N.A.*, No. 05–11–00187–CV, 2012 WL 929673, at *3 (Tex. App.—Dallas Mar.

9

16, 2012, no pet.) (mem. op.); *Owusu v. Citibank (S.D.), N.A.*, No. 05–10–00175–CV, 2011 WL 2465475, at *2 (Tex. App.—Dallas June 22, 2011, no pet.) (mem. op.); *Moir*, 2010 WL 2574212, at *2.

The facts of *Compton* and *Dulong* are nearly identical to the facts of this case. Summary judgment based on Citibank's account stated claim was proper if the evidence showed the account statements were sent to Evans, charges and payments were made on the account, fees and interest were charged on the account, and there is no evidence Evans ever disputed the fees or charges reflected on the statements. *Compton*, 364 S.W.3d at 418; *Dulong,* 261 S.W.3d at 894. On this record, given the more than two years of credit card billing statements submitted by Citibank, the cancelled checks, and the payment stubs, we conclude Citibank established as a matter of law that Citibank and Evans had an implied agreement fixing an amount due and that Evans impliedly promised to pay Citibank that amount due. Moreover, Evans's assertion in his affidavit that "the statements were not delivered to me or my home" does nothing to raise an issue of fact because that affidavit was struck by the trial court, and we have concluded the court's ruling was not an abuse of discretion. We overrule Evans's fourth issue.

### *Express and Implied Contract*

In his sixth and eighth issues, Evans contends summary judgment on an implied contract is inappropriate because Citibank alleged the existence of an express contract concerning the same transaction, and he was entitled to rely on the terms of that express contract. Evans cites *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674 (Tex. 1964), and *Musick v. Pogue*, 330 S.W.2d 696, 699 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.), to support this argument. He also contends *Truly v. Austin*, 744 S.W.2d 934 (Tex. 1988), stands for the proposition that a plaintiff may not abandon

its express contract theory in order to seek greater relief on an implied or quasi-contractual theory. We addressed these same authorities in *Compton*, where we explained that "those cases involved unjust enrichment and quantum meruit claims and the general rule that a party cannot recover under unjust enrichment, quantum meruit, or implied contract for the reasonable value of services rendered or materials supplied where an express contract exists." *Compton*, 364 S.W.3d at 419; *see also Hays*, 2012 WL 929673, at *3.

The situation in the present case is quite different. Evans's argument rests on the assertion that Citibank failed to prove the "contents of the terms of the contract" and that no evidence in the summary judgment record establishes that such a contract exists. He disputes, in other words, the existence of an express contract. At the same time, however, Evans fails to show a disputed fact question as to the parties' acts and conduct establishing an agreement by implication. *See Compton*, 364 S.W.3d at 419; *Hays*, 2012 WL 929673, at *3. As we stated earlier, Citibank pleaded and the summary judgment evidence establishes an account stated claim as a matter of law. We accordingly overrule the sixth and eighth issues.

### *Conclusion*

We conclude Evans has not shown that the trial court erred by granting Citibank's motion for summary judgment on Citibank's account stated cause of action. As a result, we need not address Evans's first, fifth, and seventh issues. We affirm the trial court's judgment.


111107F.P05


/Lana Myers/
LANA MYERS
JUSTICE

11



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALBERT C. EVANS, Appellant

No. 05-11-01107-CV     V.

CITIBANK (SOUTH DAKOTA) NA,
Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-04945-F.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITIBANK (SOUTH DAKOTA) NA recover its costs of this appeal from appellant ALBERT C. EVANS.

Judgment entered this 7th day of June, 2013.

/Lana Myers/
LANA MYERS
JUSTICE