**Robert ARMSTRONG d/b/a RNA Investments, Appellant,**

v.

**Oscar Butch BENAVIDES, Appellee.**

**No. 05–05–00089–CV.**

Court of Appeals of Texas, Dallas.

Nov. 30, 2005.

Byron Kevin Henry, Dallas, for Appellant.

Kayo Mullins, Dallas, for Appellee.

Before Justices FITZGERALD, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice LANG–MIERS.

In this restricted appeal, Robert Armstrong d/b/a RNA Investments appeals from a default judgment granted in favor of Oscar Butch Benavides. In three issues, Armstrong contends the evidence is legally insufficient and the trial court erred by awarding attorney's fees. We reverse and remand for a new trial.

### BACKGROUND

In April 2003, Benavides filed a lawsuit against Armstrong and a man named Billy Greer in which he alleged they took possession of property he owned and converted it to their use and benefit. He attached a list of the property and alleged it had a fair market value of $35,000.00.

The record shows Armstrong was served with process on November 29, 2003. On December 26, 2003, Armstrong wrote a letter to the court in which he denied being the owner of the building in which the property was located at the time Benavides leased a restaurant there but admitted he became the owner in 2001. Benavides's brief states the trial court construed Armstrong's letter as an answer and set the case for trial on July 12, 2004.[1] Armstrong did not appear for trial. Benavides testified at trial about the facts leading up to the lawsuit and his damages, after which the trial court granted him a default judgment, which provided in relevant part:

Defendant, ROBERT ARMSTRONG, D/B/A RNA INVESTMENTS, although duly and properly cited, did not appear and wholly made default.

The Court, after examining the record and hearing the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties. All questions of fact and of law were submitted to the Court. All persons entitled to citation were properly cited.

---

1. Greer answered the lawsuit and was non-suited after he and Benavides reached a confidential settlement agreement. Greer is not a party to this appeal.

. . .

The Court finds that the allegations set out in Plaintiff[']s Original Petition are true, that Plaintiff was damaged in the amount of $22,000.00 by Defendant's tortious interference with Plaintiff's property. The court further finds that it was necessary for Plaintiff to retain an attorney to prosecute this suit and that a reasonable attorney's fee for the work is $5,000.00.

. . .

Six months after the judgment was signed, Armstrong filed a notice of restricted appeal in which he challenged the legal sufficiency of the evidence to support the judgment and the trial court's award of attorney's fees.

### STANDARD OF REVIEW AND APPLICABLE LAW

■ A restricted appeal is a direct attack on the trial court's judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *Sutton v. Hisaw & Assoc. Gen. Contractors, Inc.*, 65 S.W.3d 281, 284 (Tex. App.-Dallas 2001, pet. denied). A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *see* TEX.R.APP. P. 30 & 26.1(c). Benavides does not dispute that Armstrong satisfied the first three elements, so this appeal focuses on whether error is apparent on the face of the record. The face of the record consists of all of the papers on file in the appeal. *Norman Commc'ns*, 955 S.W.2d at 270. A restricted appeal includes a review of the entire case, including legal sufficiency claims. *Id.*

■ The standards governing no-answer and post-answer default judgments differ greatly. If a no-answer default judgment is entered, the non-answering party is deemed to have admitted the facts properly pleaded. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). On the other hand, in a post-answer default judgment case, the plaintiff must offer evidence and prove his case as in a trial; judgment cannot be entered on the pleadings. *See id.*

■ The record is unclear whether the trial court granted a no-answer or post-answer default judgment. Because the parties appear to treat the judgment as a post-answer default judgment, we address Armstrong's contentions under that standard. Under the standard governing post-answer default judgments, Benavides had the burden to prove both liability and damages. *See id.; Walker v. Kleiman*, 896 S.W.2d 413, 415 (Tex.App.-Houston [1st Dist.] 1995, no writ).

### LEGAL SUFFICIENCY OF THE EVIDENCE

■ The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In our review of the evidence, we "credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* If there is more than a scintilla of evidence to support the verdict, we uphold the judgment. *See Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). Evidence is no more than a scintilla when it is "so weak as to do no more than create a mere surmise or suspicion of the fact's existence." *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 755 (Tex.1970) (quoting Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L.REV. 361, 363 (1960)).

Armstrong contends the record is unclear whether Benavides sued under a trespass to chattels or conversion theory but argues the evidence is legally insufficient under either theory. A trespass to chattels is a wrongful interference with or injury to property that causes actual damage to the property or deprives the owner of its use for a substantial period of time. *Omnibus Int'l, Inc. v. AT & T, Inc.*, 111 S.W.3d 818, 826 (Tex.App.-Dallas 2003, pet. granted, judgm't vacated w.r.m.). Conversion is the unauthorized and unlawful exercise of dominion and control over the personal property of another to the exclusion of and inconsistent with the owner's rights in the property and requires the defendant to pay the full value of the property. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971); *Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 39 (Tex.App.-Dallas 2003, pet. denied).

In his original petition, Benavides alleged that Armstrong took possession of the property and converted it to his use and benefit. Additionally, Benavides sought damages in the full amount of the property's value. For these reasons, the record supports the conclusion that Benavides sued Armstrong for conversion, not trespass to chattels. *See Omnibus Int'l, Inc.*, 111 S.W.3d at 826 (conversion when defendant must pay full value of property and trespass to chattels when he does not); *Russell v. Am. Real Estate Corp.*, 89 S.W.3d 204, 210 (Tex.App.-Corpus Christi 2002, no pet.) (discussing both theories). The trial court's judgment that Armstrong tortiously interfered with Benavides's property supports either theory.

At trial, Benavides testified that he leased space from Armstrong in which he operated a restaurant. He subsequently sold the restaurant to new buyers, retaining a note for the sales price secured by the equipment and fixtures. Benavides filed a UCC statement to secure his lien on this property, and Armstrong executed a waiver of landlord's lien on the property. Armstrong's waiver was admitted in evidence. Benavides also testified that because Armstrong retained the right to cure the buyers' default within thirty days of notice, Benavides sent Armstrong a letter notifying him of the buyers' default and advising he would remove the property if Armstrong did not cure the default. Armstrong did not exercise his option within thirty days, so Benavides and his attorney called him. Armstrong did not return their calls. Some time later, Benavides received a call from Greer who said he was leasing the space from Armstrong and asked about buying the equipment and fixtures. Benavides told Greer how much we was willing to accept to sell him the property but Greer never called him back.

Despite evidence that Armstrong signed a waiver of landlord's lien with respect to that property, had no possessory right to the property and did not have authority to permit Greer to use the property, there is no evidence that Armstrong permitted Greer to use the equipment and fixtures located in the restaurant. *See Waisath*, 474 S.W.2d at 447 (landlord had no possessory right in tenant's property not included in its liens). Additionally, although Benavides sent Armstrong a demand letter to either pay the amount due or Benavides would remove the property, there is no more than a scintilla of evidence Benavides demanded return of the property. And although his counsel asked him whether signs had been destroyed and Benavides testified that Armstrong took signs down, there is no evidence about what ultimately happened to the signs or to the other fixtures and equipment or that Armstrong took any action inconsistent with Benavides's rights to the property.

As a result, we conclude there is no more than a scintilla of evidence that a

conversion occurred based on Armstrong's unauthorized use of the property. Accordingly, we conclude the evidence is not legally sufficient to support Benavides's claim for conversion. We sustain Armstrong's first issue. Because of our decision regarding Armstrong's first issue, we do not address the remaining issues.

Generally when an appellate court sustains a legal sufficiency issue, the remedy is to reverse and render. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 86 (Tex.1992); *U.S. Fire Ins. Co. v. Carter,* 473 S.W.2d 2, 3 (Tex.1971). However, an exception is made in cases involving default judgments because the facts have not been fully developed. *Heine,* 835 S.W.2d at 86; *Carter,* 473 S.W.2d at 3. Accordingly, we reverse and remand for a new trial.

### Conclusion

We sustain Armstrong's first issue concerning liability for conversion and reverse and remand for a new trial.