COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-072-CV

 

 

JOE LAWRENCE DAVIS                                                        APPELLANT

 

                                                   V.

 

GARY PIERCE McCULLY, AS                                                    APPELLEE

GUARDIAN OF THE PERSON 

AND SEPARATE ESTATE OF 

MARY LOUISE McCULLY AND 

ON BEHALF OF AND/OR NEXT 

FRIEND OF MARY LOUISE
McCULLY

 

                                              ------------

 

            FROM THE 67TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








        The
trial court entered a post-answer default judgment against Appellant Joe
Lawrence Davis for $5,000,000 in damages and $3,147 in taxable court costs,
plus $1,541,912 in prejudgment interest. 
Davis, acting pro se, raises four issues on appeal.  Because we hold that the evidence is legally
insufficient, we reverse the trial court=s
judgment and remand this case for a new trial.

The trial court called this case for trial and
noted on the record that Davis was not present. 
The following constitutes the entirety of the evidence presented by the
plaintiff in the ensuing bench trial.

[PLAINTIFF=S COUNSEL]:  Your Honor, this is a case in which Mary
McCully was sexually assaulted by Joe Lawrence Davis on January the 9th, 1999,
while she was a resident of Renaissance Park Nursing Home.  Mr. Davis was an employee, a nurse=s aide, employed by
Renaissance Park.

 

And I have to put in evidence the certified records of the City of
Benbrook Police, Benbrook Police Criminal Investigation, Offense Number
99-01-0036, regarding the arrest and evidence against Joe Lawrence Davis.

 

Mr. Davis was arrested.  They
took a DNA sample, and the records will show, Your Honor, that Mr. Lawrence=s DNA was found within
Ms. McCully=s privates.

 

We introduce Plaintiff=s Exhibit No. 1.

 

THE COURT:  Okay.  There being no objections, the Court admits
Plaintiff=s Exhibit No. 1.

 

[PLAINTIFF=S COUNSEL]:  Next, Your Honor, Plaintiff would offer the
Grand Jury Indictment.  There=s a certified copy by
Tarrant County District Clerk.

 

Mr. Davis was indicted for intentionally or knowingly causing the
penetration of the female sex organ of Mary McCully so on and so forth.  Ms. McCully was over the age of 65 years, so
it was an aggravated offense.








Plaintiff[] would offer Exhibit 2.

 

THE COURT:  Two admitted.

 

[PLAINTIFF=S COUNSEL]:  And next, Your Honor, Plaintiff would offer a
judgment on a plea of guilty by Joe Lawrence Davis in Judge Wisch=s court, 372nd District
Court of Tarrant County, in which Mr. Davis was found guilty of sexually
assaulting Ms. McCully.

 

THE COURT:  Okay.  Number 3 admitted.

 

[PLAINTIFF=S COUNSEL]:  Your Honor, that concludes our offer of
evidence.[2]

 

This is a heinous act by Mr. Davis. 
Ms. McCully was a mildly demented Alzheimer=s patient.  There=s some evidence in the record that this wasn=t the first time that Mr.
McCully B I mean, Mr. Davis had
probably done this to Ms[.] McCully.

 

We would ask, Judge B we
would ask the Court to award judgment against Mr. Davis in the sum of
$5,000,000. 








Thereafter, the plaintiff rested, and the trial court granted the
plaintiff a judgment in the amount of $5,000,000.  Davis filed a timely motion for new trial
challenging the sufficiency of the evidence to support the Averdict.@  Davis=s motion
was overruled by operation of law.  See
Tex. R. Civ. P. 329b(c).  This appeal followed.[3]








Davis=s first
three issues complainCin pertinent partCthat the
Averdict@ is Aso
against the great weight and preponderance of the evidence that it is
manifestly unjust.@ 
A
post-answer default judgment Aconstitutes
neither an abandonment of defendant=s answer nor an
implied confession of any issues thus joined by the defendant=s answer.  Judgment cannot be entered on the pleadings,
but the plaintiff in such a case must offer evidence and prove his case as in a
judgment upon a trial.@  Stoner
v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979).  Under the standards governing post-answer
default judgments, Ms. McCully=s guardian had the
burden to prove both liability and damages. 
See id.; Armstrong v. Benavides, No. 05-05-00089-CV, 2005
WL 3194557, at *2 (Tex. App.CDallas Nov. 30,
2005, no pet.).  When a specific attack
is made upon the legal or factual sufficiency of the evidence to support the
trial court=s determination of damages in a default
judgment, the appellant is entitled to a review of the evidence produced.  Dawson v. Briggs, 107 S.W.3d 739, 748
(Tex. App.CFort Worth 2003, no pet.).  We therefore review Davis=s sufficiency
complaints under the familiar standards of review.

A legal sufficiency challenge may be sustained only when
(1) the record discloses a complete absence of evidence of a vital fact, (2)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (3) the evidence offered to prove
a vital fact is no more than a mere scintilla, or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error,
38 TEX. L. REV. 361, 362-63 (1960).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable fact finder could, and
disregard evidence contrary to the finding unless a reasonable fact finder
could not.  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).








Ms. McCully=s
guardian pleaded only a medical negligence cause of action against Davis for
failing to do that which a certified nurse=s aide
of reasonable care and prudence would have done.[4]  A cause of
action based on medical negligence requires a showing of a duty to conform to a
particular standard of care, a breach of that standard, a resultant injury, and
a causal connection between the breach of the standard and the injury.  Gross v. Burt, 149 S.W.3d 213, 221
(Tex. App.CFort Worth 2004, pet. denied).  Based on the record from the trial that is
set forth above, Ms. McCully=s
guardian did not present evidence or testimony regarding the standard of care
for a certified nurse=s aide.  Because the duty of a health care provider to
comply with the standard of care and the duty of a person to abstain from
criminal conduct are separate duties, the proof required to establish each duty
is different.  See Oler v.
State, 998 S.W.2d 363, 370 (Tex. App.CDallas
1999, pet. ref=d) (stating that duty of
physician to maintain certain standard of care and duty of person to abstain
from criminal conduct are separate and distinct duties).  Here, although the record contains a copy of
the judgment for Davis=s criminal conviction, no
evidence exists concerning the standard of care required of a certified nurse=s
aide.  Accordingly, we hold that the
evidence was legally insufficient to establish Davis=s
liability for medical negligence.  We
sustain Davis=s legal sufficiency challenge to
the evidence of liability.








Having sustained Davis=s issues
relating to the legal sufficiency of the evidence to show liability, we reverse
the trial court=s default judgment and remand
this case for a new trial.[5]  See Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 86 (Tex. 1992) (stating that generally when appellate court
sustains a legal sufficiency issue, remedy is to reverse and render but
exception is madeCto allow appellate court to
reverse and remandCin cases involving default
judgments because facts have not been fully developed).

 

 

PER
CURIAM

 

PANEL F:    WALKER, GARDNER, and MCCOY, JJ.

 

DELIVERED: January 19,
2006

 











[1]See Tex. R. App. P. 47.4.





[2]We have reviewed exhibits
1, 2, and 3 and confirmed that they are, respectively, police records from the
criminal investigation of Davis=s conduct, the indictment returned charging
Davis, and the judgment against Davis for aggravated sexual assault of a person
65 years of age or older.





[3]AppelleeCGary Pierce McCully, as
Guardian of the Person and Separate Estate of Mary Louise McCully and on Behalf
of and/or as Next Friend of Mary Louise McCullyCdid not file an appellate
brief with this court.





[4]Ms. McCully=s guardian also pleaded
that Davis had acted with malice and sought exemplary damages.





[5]Because the sufficiency
issues are dispositive of the appeal, we need not reach Davis=s remaining issue.  See Tex.
R. App. P. 47.1.