Joe Lawrence Davis v. Gary Pierce McCully, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-072-CV

JOE LAWRENCE DAVIS APPELLANT

V.

GARY PIERCE McCULLY, AS APPELLEE

GUARDIAN OF THE PERSON 

AND SEPARATE ESTATE OF 

MARY LOUISE McCULLY AND 

ON BEHALF OF AND/OR NEXT 

FRIEND OF MARY LOUISE McCULLY

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

The trial court entered a post-answer default judgment against Appellant Joe Lawrence Davis for $5,000,000 in damages and $3,147 in taxable court costs, plus $1,541,912 in prejudgment interest.  Davis, acting 
pro se
, raises four issues on appeal.  Because we hold that the evidence is legally insufficient, we reverse the trial court’s judgment and remand this case for a new trial.

The trial court called this case for trial and noted on the record that Davis was not present.  The following constitutes the entirety of the evidence presented by the plaintiff in the ensuing bench trial.

[PLAINTIFF’S COUNSEL]:  Your Honor, this is a case in which Mary McCully was sexually assaulted by Joe Lawrence Davis on January the 9th, 1999, while she was a resident of Renaissance Park Nursing Home.  Mr. Davis was an employee, a nurse’s aide, employed by Renaissance Park.

And I have to put in evidence the certified records of the City of Benbrook Police, Benbrook Police Criminal Investigation, Offense Number 99-01-0036, regarding the arrest and evidence against Joe Lawrence Davis.

Mr. Davis was arrested.  They took a DNA sample, and the records will show, Your Honor, that Mr. Lawrence’s DNA was found within Ms. McCully’s privates.

We introduce Plaintiff’s Exhibit No. 1.

THE COURT:  Okay.  There being no objections, the Court admits Plaintiff’s Exhibit No. 1.

[PLAINTIFF’S COUNSEL]:  Next, Your Honor, Plaintiff would offer the Grand Jury Indictment.  There’s a certified copy by Tarrant County District Clerk.

Mr. Davis was indicted for intentionally or knowingly causing the penetration of the female sex organ of Mary McCully so on and so forth.  Ms. McCully was over the age of 65 years, so it was an aggravated offense.

Plaintiff[] would offer Exhibit 2.

THE COURT:  Two admitted.

[PLAINTIFF’S COUNSEL]:  And next, Your Honor, Plaintiff would offer a judgment on a plea of guilty by Joe Lawrence Davis in Judge Wisch’s court, 372nd District Court of Tarrant County, in which Mr. Davis was found guilty of sexually assaulting Ms. McCully.

THE COURT:  Okay.  Number 3 admitted.

[PLAINTIFF’S COUNSEL]:  Your Honor, that concludes our offer of evidence.
(footnote: 2)

This is a heinous act by Mr. Davis.  Ms. McCully was a mildly demented Alzheimer’s patient.  There’s some evidence in the record that this wasn’t the first time that Mr. McCully – I mean, Mr. Davis had probably done this to Ms[.] McCully.

We would ask, Judge – we would ask the Court to award judgment against Mr. Davis in the sum of $5,000,000. 

Thereafter, the plaintiff rested, and the trial court granted the plaintiff a judgment in the amount of $5,000,000.  Davis filed a timely motion for new trial challenging the sufficiency of the evidence to support the “verdict.”  Davis’s motion was overruled by operation of law.  
See
 
Tex. R. Civ. P.
 329b(c).  This appeal followed.
(footnote: 3)
 Davis’s first three issues complain—in pertinent part—that the “verdict” is “so against the great weight and preponderance of the evidence that it is manifestly unjust.”  
A post-answer default judgment “constitutes neither an abandonment of defendant’s answer nor an implied confession of any issues thus joined by the defendant’s answer.  Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial.”  
Stoner v. Thompson
, 578 S.W.2d 679, 682 (Tex. 1979).  Under the standards governing post-answer default judgments, Ms. McCully’s guardian had the burden to prove both liability and damages.  
See id.
;
 Armstrong v. Benavides
, No. 05-05-00089-CV, 2005 WL 3194557, at *2 (Tex. App.—Dallas Nov. 30, 2005, no pet.).  When a specific attack is made upon the legal or factual sufficiency of the evidence to support the trial court’s determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced.  
Dawson v. Briggs
, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.).  We therefore review Davis’s sufficiency complaints under the familiar standards of review.

A legal sufficiency challenge may be sustained only
 when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact finder could, and disregard evidence contrary to the finding unless a reasonable fact finder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005).

Ms. McCully’s guardian pleaded only a medical negligence cause of action against Davis for failing to do that which a certified nurse’s aide of reasonable care and prudence would have done.
(footnote: 4)  
A cause of action based on medical negligence requires a showing of a duty to conform to a particular standard of care, a breach of that standard, a resultant injury, and a causal connection between the breach of the standard and the injury.  
Gross v. Burt
, 149 S.W.3d 213, 221 (Tex. App.—Fort Worth 2004, pet. denied).  Based on the record from the trial that is set forth above
, Ms. McCully’s guardian did not present evidence or testimony regarding the standard of care for a certified nurse’s aide.  Because the duty of a health care provider to comply with the standard of care and the duty of a person to abstain from criminal conduct are separate duties, the proof required to establish each duty is different.  
See
 
Oler v. State
, 998 S.W.2d 363, 370 (Tex. App.—Dallas 1999, pet. ref’d) (stating that duty of physician to maintain certain standard of care and duty of person to abstain from criminal conduct are separate and distinct duties).  Here, although the record contains a copy of the judgment for Davis’s criminal conviction, no evidence exists concerning the standard of care required of a certified nurse’s aide.  Accordingly, we hold that the evidence was legally insufficient to establish Davis’s liability for medical negligence.  We sustain Davis’s legal sufficiency challenge to the evidence of liability.

Having sustained Davis’s issues relating to the legal sufficiency of the evidence to show liability, we 
reverse the trial court’s default judgment and remand this case for a new trial.
(footnote: 5)  
See Holt Atherton Indus., Inc. v. Heine
, 835 S.W.2d 80, 86 (Tex. 1992) (stating that generally when appellate court sustains a legal sufficiency issue, remedy is to reverse and render but exception is made—to allow appellate court to reverse and remand—in cases involving default judgments because facts have not been fully developed)
.

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DELIVERED: January 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
We have reviewed exhibits 1, 2, and 3 and confirmed that they are, respectively, police records from the criminal investigation of Davis’s conduct, the indictment returned charging Davis, and the judgment against Davis for aggravated sexual assault of a person 65 years of age or older.

3:
Appellee—Gary Pierce McCully, as Guardian of the Person and Separate Estate of Mary Louise McCully and on Behalf of and/or as Next Friend of Mary Louise McCully—did not file an appellate brief with this court.

4:
Ms. McCully’s guardian also pleaded that Davis had acted with malice and sought exemplary damages.

5:
Because the sufficiency issues are dispositive of the appeal, we need not reach Davis’s remaining issue.  
See
 
Tex. R. App. P.
 47.1.