AFFIRM; Opinion issued December 18, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-00767-CV

**ROBERT A. THORNTON, Appellant**

**V.**

**AT&T ADVERTISING, L.P. d/b/a AT&T REAL YELLOW PAGES, Appellee**

On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 10-02275-G

## OPINION

Before Justices Bridges, Richter and Lang
Opinion By Justice Richter

Attorney Appellant Robert Thornton ("Thornton") appeals the trial court's judgment in this breach of contract suit against AT&T Advertising ("AT&T"). After a trial on the merits, the trial court awarded AT&T damages in the amount of $21,620.29 plus attorney's fees. In three issues, Thornton claims (1) there is legally no evidence of a valid contract between him and AT&T; (2) there is legally no evidence to support a breach of contract claim; and (3) there is legally no evidence to support an award based on *quantum meruit*. For the following reasons, we affirm the trial court's judgment.

*Background*

Thornton and AT&T entered into agreements for AT&T to provide Yellow Pages advertising for Thornton's law practice. The first agreement was for advertising in the 2008 Dallas Companion Yellow Pages Directory and the 2008 Dallas Yellow Pages Directory ("2008 Contract"). The second agreement was for advertising in the 2009 Dallas Companion Yellow Pages Directory and the 2009 Dallas Yellow Pages Directory ("2009 Contract"). Thornton made partial payments toward the balance of the 2008 Contract but never paid anything toward the 2009 Contract.

AT&T brought suit against Thornton for breach of contract and in the alternative *quantum meruit* for the advertising provided. Thornton answered the suit with a general denial. After a half-day bench trial, the court rendered judgment for AT&T. Thornton now appeals.

*Standards of Review*

A trial court's findings of fact in a nonjury trial carry the same force and dignity as a jury's verdict on jury questions. *Wright Group Architects-Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 199 (Tex. App.–Dallas 2011, no pet.). We review the legal sufficiency of a trial court's findings by the same standards that we apply to reviewing a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

We review a challenge to the legal sufficiency of the evidence in the light most favorable to the finding and indulge every reasonable inference that supports it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). In reviewing a no-evidence point of

error, we credit the evidence and inferences if a reasonable fact finder could and disregard all evidence and inferences to the contrary unless a reasonable fact finder could not. *Id.* at 827.

We sustain a no-evidence point only when the record discloses (1) a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence established conclusively the opposite of the vital fact. *See City of Keller,* 168 S.W.3d at 810. If there is more than a scintilla of evidence to support the findings, the no-evidence challenge cannot be sustained. *Catalina,* 881 S.W.2d at 297. If the evidence is so weak as to do no more than creates a mere surmise or suspicion of its existence, it is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983).

We review a trial court's conclusions of law de novo to determine whether the trial court drew the correct legal conclusions from the facts. *Kahn v. Imperial Airport,* L.P., 308 S.W.3d 432, 437 (Tex. App.–Dallas 2010, no pet.); *Bolle, Inc. v. Am. Greetings Corp.,* 109 S.W.3d 827, 831 (Tex. App.–Dallas 2003, pet. denied).

*Formation of a valid contract*

Thornton first contends there is legally no evidence of formation of a contract. He further claims the trial court's findings of fact and conclusions of law are devoid of finding an enforceable contract.

The elements required for the formation of a valid contract are: (1) an offer, (2)

acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex.App.–Dallas 2006, pet. denied).

Thornton claims the documents offered as contracts 1) impose no duty on AT&T; 2) fail to show AT&T consented to any terms in the documents; and 3) fail to show acceptance by AT&T.

A review of the record reveals copies of four AT&T Yellow Pages documents entitled "Advertising Contract." The first document is dated 8/08/2007, has an effective date of 01/01/2008, and indicates a Dallas designation. The document provides for details of a directory advertisement, including the monthly cost of $1,638 with billing information. The document further provides three paragraphs regarding the terms and conditions, a right to cancel, and a promise to pay followed by the customer's printed name and lines provided for the customer's signature, title, and date of signature. The signature on the second page of the document purports to be that of Robert A. Thornton signed on 8/08/2007.

The second "Advertising Contract" is also dated 8/08/2007, has an effective date of 01/01/2008, and indicates a Dallas Companion designation. The document provides for details of a directory advertisement, including the monthly cost of $163.80 with billing information. The document further provides three paragraphs regarding the terms and conditions, a right to cancel, and a promise to pay followed by the customer's printed name and lines for the customer's signature, title, and date of signature. The signature on the

–4–

second page of the document purports to be that of Robert A. Thornton signed on 8/08/2007. The two documents effective 01/01/2008 are referred to together as the "2008 Contract."

The third "Advertising Contract - Order Page" is dated 10/09/2008, has an effective date of 01/01/2009, and indicates a Dallas designation. The document provides for details of a directory advertisement, including the monthly cost of $1,307 with billing information. The document further provides three paragraphs regarding the terms and conditions, a right to cancel, and a promise to pay followed by the customer's printed name and lines for the customer's signature, title, and date of signature. The signature on the second page of the document purports to be that of Robert A. Thornton signed on 10/08/2008.

And the fourth "Advertising Contract - Order Page" is dated 10/09/2008, has an effective date of 01/01/2009, and indicates a Dallas Companion designation. The document provides for details of a directory advertisement, including the monthly cost of $130.70 with billing information. The document further provides three paragraphs regarding the terms and conditions, a right to cancel, and a promise to pay followed by the customer's printed name and lines for the customer's signature, title, and date of signature. The signature on the second page of the document purports to be that of Robert A. Thornton signed on 10/09/2008. The two documents effective 01/01/2009 are referred to together as the "2009 Contract."

All four of the documents were initiated by AT&T, were on AT&T pre-printed forms, had terms filled-in and hand-written by AT&T representatives, and had a signature

–5–

purported to be "Robert A. Thornton" on the customer signature line under "CUSTOMER PROMISES TO PAY . . . ." At trial, AT&T presented copies of the Yellow Pages advertisements as evidence of their consent, execution and delivery of performance.

Thornton failed to testify or present any evidence during the trial proceedings. Thornton's affidavit, which was attached to Defendant's Response to Plaintiff's Motion for Summary Judgment, claims he did not sign the AT&T documents. However, AT&T presented evidence of Thornton making partial payments to AT&T for the 2008 Contract which is evidence of acceptance and consent to the terms as well execution and delivery of his promises made under the terms in the documents. *See MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes*, 179 S.W.3d 51, 61-62 (Tex. App.–San Antonio 2005, pet. denied.). After viewing all of the evidence in a light favorable to the verdict, we conclude the documents initiated by AT&T and purportedly signed by Thornton are valid contracts.

As for Thornton's contention that the findings of fact and conclusions of law are devoid of a legal finding of an enforceable contract, we disagree. The trial court's findings include, in relevant part, the following:

> . . .

> **CONCLUSIONS OF LAW**
> 1. Defendant breached the 2008 Dallas Yellow Pages Contract.
> 2. Defendant breached the 2009 Dallas Yellow Pages Contract.
> . . . .

We conclude the trial court must have found a valid contract in order to determine a breach of those contracts. *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 140 (Tex. App.–Dallas

2012, no pet.) (stating the existence of a valid contract is a required element for a breach of contract claim). Thornton's first issue is overruled.

*Breach of Contract*

Next Thornton contends there is legally no evidence in the record to support a breach of contract award.

The elements of a breach of contract claim include (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Id.*

Specifically, Thornton claims there is legally no evidence (1) of a contract, (2) of performance by AT&T, and (3) of damages suffered by AT&T. As determined above, we have already found evidence of valid contracts between Thornton and AT&T. Next, as discussed above, AT&T produced the Yellow Page advertisements of Thornton's law practice as evidence of AT&T's performance for both the 2008 & 2009 Contracts. And lastly for damages, AT&T presented testimony of Thornton making partial payments on the 2008 Contract and paying nothing toward the 2009 Contract. We conclude the record supports the trial court's conclusion Thornton breached the 2008 & 2009 Contracts. Consequently, we overrule Thornton's second issue.

*Conclusion*

The trial court's order granting summary judgment did not specify the grounds upon which it was granted. We may affirm the judgment if any of the theories advanced are meritorious. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

Because we conclude AT&T proved that Thornton breached both his 2008 and 2009 Contracts for advertising as a matter of law and that there were no genuine issues of material fact, we need not address Thornton's third issue. *See* TEX. R. APP. P. 47.1.

Based on our conclusions above, we affirm the judgment of the trial court.


MARTIN RICHTER
JUSTICE

110767F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT A. THORNTON, Appellant

No. 05-11-00767-CV      V.

AT&T ADVERTISING, L.P. D/B/A AT&T
REAL YELLOW PAGES, Appellee

Appeal from the 134th Judicial District
Court of Dallas County, Texas.
(Tr.Ct.No. 10-02275-G).
Opinion delivered by Justice Richter,
Justices Bridges and Lang participating.

    In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee AT&T ADVERTISING, L.P. D/B/A AT&T REAL YELLOW PAGES recover its costs of this appeal from appellant ROBERT A. THORNTON.


Judgment entered December 18, 2012.



_____
MARTIN RICHTER
JUSTICE