**Vacate and Remand and Opinion July 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01085-CV

**MOMENTIS U.S. CORPORATION, JUST ENERGY MARKETING CORP.,
JUST ENERGY TEXAS 1 CORP., AND ANDY MCWILLIAMS, Appellants
V.
PERISSOS HOLDINGS, INC. AND MARTY L. HALE, Appellees**

**On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-13-03025-M**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

In this accelerated appeal, appellants appeal the trial court's order denying their motion to compel arbitration. We agree with appellants' arguments, vacate the order denying their motion to compel arbitration, and remand for further proceedings.

### I. BACKGROUND

Appellant Momentis U.S. Corporation is in the business of marketing energy contracts, mobile phone services, internet services, and digital television services. Momentis is owned by its president, appellant Andy McWilliams, and a nonparty called Just Energy (U.S.) Corporation. Appellants Just Energy Marketing Corp. and Just Energy Texas I Corp. are also owned by Just Energy (U.S.) Corporation, and thus they are affiliates of Momentis. Momentis sells its products

through third-party independent contractors called Independent Representatives. IRs are paid based on their sales of Momentis products and based on their recruitment of other IRs.

Appellees Marty L. Hale and Perissos Holdings, Inc. sued appellants in March 2013. They allege that Hale went to work for "Momentis/Just Energy" in 2011. They further allege that McWilliams became president of Momentis and began unilaterally changing the terms of Hale's contract. Appellees allege that McWilliams treated Hale improperly, denied him compensation he was entitled to, and eventually unjustifiably terminated Hale from his network altogether. Appellees assert claims against appellants for breach of contract, quantum meruit, promissory estoppel, conspiracy, common-law fraud, negligent misrepresentation, tortious interference with business relations, declaratory judgment, violations of the Texas Theft Liability Act, and violations of the Texas Deceptive Trade Practices Act.

The three corporate appellants filed a motion to compel arbitration, and McWilliams filed a joinder in that motion. As evidence, appellants relied on the affidavit of Thomas Gregory Grissom, Momentis's director of research and compliance. Grissom averred that "Hale, through his company Perissos Holdings, Inc., signed up as an Independent Representative" on May 25, 2011. Grissom further explained that Hale did so by electronically filling out an online Independent Representative Application and Agreement whereby he agreed to both Momentis's Terms of Agreement and its Policies and Procedures. According to Grissom, the Terms of Agreement and the Policies and Procedures, both of which are attached to his affidavit, contained binding arbitration clauses. Appellants also relied on a two-page document attached to appellees' original petition. That document appears to be a letter agreement sent to Hale by "Momentis (U.S Corp)/Just Energy (U.S.Corp.)," dated May 31, 2011. It bears what appears to be an electronic signature by Hale. It does not contain an arbitration clause, but it does contain a reference to Momentis's Policies and Procedures. In their motion to compel arbitration,

–2–

appellants argued that the letter agreement amounted to a valid agreement to arbitrate by virtue of the reference to Momentis's Policies and Procedures.

Appellees filed a response in opposition to the motion to compel arbitration. They argued that the motion should be denied because there is no arbitration agreement or alternatively because any purported agreement is illusory, unconscionable, and void as against public policy. The only evidence they filed with their response was another copy of the alleged letter agreement.

The trial court held a hearing on the motion to compel arbitration. No additional evidence was offered at the hearing, and neither side objected to the evidence attached to the other side's filing. The trial judge later signed an order denying appellants' motion in its entirety. The judge did not state the reasons for her order.

Appellants timely filed their notice of interlocutory appeal.[1]

## II. ANALYSIS

In a single issue on appeal, appellants argue that the trial judge erred by failing to grant their motion to compel arbitration of all claims.

### A. Choice of law and standard of review

Appellants assert, and appellees do not dispute, that this controversy is governed by the Federal Arbitration Act. A contract between parties residing in different states involves interstate commerce and is governed by the FAA.[2] Appellees' original petition contains averments that appellees are located in Texas and the corporate appellants are located in Delaware. We conclude the controversy is governed by the FAA.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2013); 9 U.S.C.A. § 16 (West 2009).

[2] *See In re L&L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127–28 (Tex. 1999) (per curiam).

We apply an abuse-of-discretion standard of review to the trial court's ruling.[3] Under this standard, we defer to the trial court's factual determinations if they are supported by the evidence, but we review the trial court's legal conclusions de novo.[4] Whether an arbitration agreement is enforceable is subject to de novo review.[5]

**B.    Agreement to arbitrate**

**1.    Applicable law**

A party seeking to compel arbitration under the FAA must establish (1) the existence of a valid arbitration agreement, and (2) that the claims asserted come within the scope of the arbitration agreement.[6] As to the first element, we apply state contract-law principles governing the formation of contracts.[7] The elements necessary for formation of a valid contract are (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding.[8] Although there is a strong presumption favoring arbitration, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists.[9] Generally, parties must sign arbitration agreements before being bound by them.[10]

---

[3] *See Big Bass Towing Co. v. Akin*, 409 S.W.3d 835, 838 (Tex. App.—Dallas 2013, no pet.).

[4] *Id.*

[5] *Id.*

[6] *Id.*; *see also In re Sthran*, 327 S.W.3d 839, 843 (Tex. App.—Dallas 2010, orig. proceeding) ("A party seeking to compel arbitration has the initial burden to establish the arbitration agreement's existence").

[7] *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (orig. proceeding).

[8] *Thornton v. AT&T Adver., L.P.*, 390 S.W.3d 702, 705 (Tex. App.—Dallas 2012, no pet.).

[9] *Big Bass Towing Co.*, 409 S.W.3d at 838.

[10] *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011) (orig. proceeding).

## 2. Existence of an agreement to arbitrate

Appellants rely on the Grissom affidavit to establish the existence of a valid agreement to arbitrate between Momentis and appellees. In his affidavit, Grissom testifies to the following facts. Since February 2010, he has overseen all representative functions for Momentis, including the sign-up process for new IRs. Grissom testified that "Hale, through his company Perissos Holdings, Inc., signed up as an Independent Representative" through an internet website on May 25, 2011. Grissom further stated, "Hale completed, submitted and electronically signed the Independent Representative Agreement on behalf of Perissos." Hale had to complete ten steps before the online application process was complete. At "Step 9," Hale encountered the following verbiage: "You must indicate that you have read and agree to the Momentis Representative Terms of Agreement, Policies and Procedures and Compensation Plan in order to complete this application process. **By submitting this form you are electronically signing a legal agreement between you and Momentis.**" Links to PDF versions of the Terms of Agreement and of the Policies were available on that webpage. To proceed any further, Hale had to select an option labeled "I agree," which he did, and then he had to click on a button called "Sign & Submit," which he also did.

Grissom further averred in his affidavit that the Terms of Agreement contain the following provisions:

> **1. Compliance.** I have carefully read and agree to comply with all terms and conditions and this Independent Representative Agreement (the "**Agreement**"), the Momentis Policies and the Momentis Compensation Plan, as well as all other terms of use, guidelines, policies and procedures published by Momentis U.S. Corp. ("**Momentis**") applicable to Momentis Independent Representatives, all of which are incorporated into this Agreement. This Agreement is not binding until received and accepted by Momentis at its home office in Dallas, Texas.
>
> [. . .]
>
> **22. Arbitration.** Except as set forth herein, any dispute between Momentis or its affiliates and myself, including but not limited to, those arising out of or relating

–5–

to this Agreement or the Policies shall be exclusively resolved by binding arbitration as more fully set forth in the Policies. Arbitration shall occur in Dallas, Texas, under the commercial rules of the American Arbitration Association. Each party shall bear its own cost.

[. . .]

**27. Entire Agreement.** This Agreement, the Compensation Plan and the Momentis Policies, and other terms and conditions of use which are incorporated herein by reference, constitute the entire agreement between the parties and supersede prior or existing oral or written agreements between the parties. No other additional promises, representations, guarantees or agreements of any kind, whether oral or written, shall be valid unless expressly agreed to in writing and signed by an authorized officer of Momentis. In the event of any conflict between the terms of this Agreement and the Policies, the Policies will control.

Grissom also testified that the Policies contain the following arbitration clause:

Independent Representatives agree that, except as set forth herein any claim, dispute or other difference between Independent Representatives and Momentis or among Independent Representatives and Momentis will be exclusively resolved by binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association (The "Rules") and the United States Arbitration Act, 9 U.S.C. Sections 1-16 (The "Act"), with arbitration to occur at Dallas, Texas. This paragraph will control over any conflict between this paragraph and The Act or The Rules. The parties agree that the arbitrator will have the primary power to decide any question about the arbitrability of any claim, dispute or other difference between them.

Grissom averred that Hale received a "welcome email" from Momentis after Hale submitted the application, and that Momentis considers such welcome emails to be acceptance of the Application.

In another case involving Momentis, we have held that substantially identical evidence supported the existence of a valid agreement to arbitrate between Momentis and two IRs who signed up online.[11] We reach the same conclusion in this case. Appellees also argue that appellants adduced no evidence that the parties agreed to conduct business electronically. We

---

[11] *Momentis U.S. Corp. v. Weisfeld*, No. 05-13-01250-CV, — WL —, at *__ (Tex. App.—Dallas _____, 2014, no pet. h.) (mem. op.).

considered and rejected the same argument in *Weisfeld*,[12] and we again reject it here. To the extent the trial judge concluded that there was no valid agreement to arbitrate, she abused her discretion.

### 3.     Scope of the agreement

The second element that must be shown by a party seeking to compel arbitration is that the claims in question are within the scope of the agreement to arbitrate. In this case, appellees agreed to arbitrate any dispute between themselves and Momentis or its affiliates, with certain exceptions not relevant on these facts. Claims against Momentis's "affiliates" are expressly covered by the clauses, and claims against Momentis's president McWilliams are also covered as a matter of law.[13] Indeed, appellees do not dispute that their claims against appellants come within the scope of the arbitration clauses that are part of the online agreement. We conclude that appellees' claims are within the scope of its agreement to arbitrate.

### 4.     Conclusion

The trial judge abused her discretion by failing to conclude that appellees agreed to arbitrate their claims in this case.

## C.     Defenses to arbitrability

The trial judge could have denied arbitration on alternative grounds asserted by appellees, namely that any agreements to arbitrate are unenforceable because they are illusory, unconscionable, and void because they are contrary to public policy. Appellants argue that the trial judge abused her discretion to the extent she relied on these defenses as the basis for denying appellants' motion to compel arbitration. The same arguments were presented to us on

---

[12] *Id.* at __.

[13] Appellees do not dispute that all four appellants are entitled to enforce the arbitration agreements. The three corporate appellants are Momentis and two of its affiliates, and disputes involving Momentis and its "affiliates" are expressly covered by the arbitration clauses. The fourth appellant, Momentis president McWilliams, is entitled to invoke any arbitration agreements under cases such as *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 188–89 (Tex. 2007) (orig. proceeding).

substantially identical facts and briefs in *Weisfeld*.[14]  We concluded that the arbitration agreements committed these issues to the arbitrator.  We follow our decision in *Weisfeld* and conclude that the trial judge abused her discretion to the extent she relied on these defenses as the basis for denying appellants' motion to compel arbitration of appellees' claims.

### III.  DISPOSITION

We vacate the trial court's order denying arbitration and remand this case for further proceedings consistent with this opinion.

131085F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[14] No. 05-13-01250-CV, — WL —, at __ .



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MOMENTIS U.S. CORPORATION, JUST
ENERGY MARKETING CORP., JUST
ENERGY TEXAS I CORP., and ANDY
McWILLIAMS, Appellants

No. 05-13-01085-CV      V.

PERISSOS HOLDINGS, INC. and MARTY
L. HALE, Appellees

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-03025-M.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's order denying arbitration and **REMAND** this case to the trial court for further proceedings consistent with the Court's opinion.

We **ORDER** that appellants Momentis U.S. Corporation, Just Energy Marketing Corp., Just Energy Texas I Corp., and Andy McWilliams recover their costs of this appeal from appellees Perissos Holdings, Inc. and Marty L. Hale.

We further **ORDER** that the stay imposed by our Order of August 23, 2013 is **LIFTED**.

Judgment entered July 30, 2014