**Rafael GASPAR, Arturo Gaspar, Javier Rodriguez, Guillermo Gaspar, Antonio Gaspar, and Carmen Gaspar, Appellants**

v.

**LAWNPRO, INC. and Kirk E. Henton, Appellees.**

No. 05–11–00861–CV.

Court of Appeals of Texas, Dallas.

July 25, 2012.

Winston Ndubueze Udeh, Law Office of Winston Udeh & Assoc., Dallas, TX, for Appellant.

Jeremy F. Rosenthal, Rosenthal & Wadas, PLLC, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion By Justice BRIDGES.

Rafael Gaspar, Arturo Gaspar, Javier Rodriguez, Guillermo Gaspar, Antonio Gaspar, and Carmen Gaspar appeal the trial court's no-evidence summary judgment in favor of Lawnpro, Inc., and Kirk E. Henton. In two issues, appellants argue the affidavits they presented in response to appellees' no-evidence motion for summary judgment were sufficient to defeat the motion, and the trial court erred in granting appellees' no-evidence motion for summary judgment. We reverse the

trial court's judgment and remand for further proceedings.

In June 2010, appellants filed suit alleging they all worked for appellees during June 2009 doing lawn maintenance and construction work. The petition alleged appellees issued checks for compensation for the work performed, but the bank refused the checks for insufficient funds. Appellants complained, and appellees promised to make the checks good. However, for a period of two months appellees continued to pay appellants with worthless checks. Appellants asserted claims for breach of contract, fraud, conversion, punitive damages, and attorney's fees. Appellees filed an answer and a no-evidence motion for summary judgment asserting "There is no evidence of one or more of the following elements of" each of appellants' claims. The motion did not refer to the facts alleged in appellants' petition or specify in what way the evidence entirely failed to support appellants' claims. Instead, the motion merely broke appellants' causes of action for breach of contract, fraud, conversion, punitive damages, and attorney's fees into elements and asserted no evidence existed "as to one of more of the aforementioned elements."

Appellants filed a response to appellees' motion and attached an appendix containing affidavits from each appellant stating each appellant was employed by appellees for certain specified months, all of the checks appellees gave them were denied for insufficient funds for a total of a specified dollar amount, and appellee "took the checks and promised to give me cash but never did." The appendix also contained statements from Lawnpro stamped "SUB–CONTRACT/SEASONAL LABOR" and indicating hours worked, pay rate, current payments, pay periods, pay dates, and year-to-date amounts paid to some appellants. Appellees filed an amended no-evidence motion for summary judgment virtually identical to the first motion. Again, appellees did not mention the factual assertions made by appellants and did not raise any specific challenge to the evidence supporting appellants' claims. In a separate pleading entitled "Defendants' Reply and Objections to Plaintiffs' Summary Judgment Evidence," appellees argued the affidavits filed by appellants were hearsay. However, it does not appear appellees obtained a ruling on their objections. The trial court granted appellees motion, and this appeal followed.

Appellants raise two issues, which they argue together, asserting their affidavits were sufficient to defeat appellees' motion for no-evidence summary judgment, and the trial court therefore erred in granting appellees' motion. Appellees did not file a brief in response. A no-evidence summary judgment motion under rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. Tex.R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009). When reviewing a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310.

We note appellees raised a hearsay objection to appellant's affidavits in the trial court. Evidence that contains hearsay is defective as to form; that is, it is competent, but inadmissible. *S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 855 (Tex.App.-Dallas 2011, no pet.). A defect

in form must be raised in the trial court, the opposing party must be given an opportunity to amend, and the trial court must rule upon the objection or the objection is waived. *Id.* Although the rules of civil procedure do not prescribe a period of time in which a trial court is required to rule on summary judgment objections, the "better practice" is for the court to rule on any objections at or before the time it signs an order granting or denying summary judgment. *Stewart v. Sanmina Tex., L.P.,* 156 S.W.3d 198, 207 (Tex.App.-Dallas 2005, no pet.).

■ Here, the trial court did not rule on appellees' objections to appellants' affidavits, and those objections are therefore waived. *Choi,* 331 S.W.3d at 855. Appellants raised a breach of contract claim against appellees. A breach of contract occurs when a party fails to perform an act it has explicitly or impliedly promised to perform. *Esty v. Beal Bank S.S.B.,* 298 S.W.3d 280, 299 (Tex.App.-Dallas 2009, no pet.). The elements of a breach of contract claim are (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach. *Id.* Terms of a contract are implied when they are necessarily involved in the contractual relationship such that the parties must have intended to include them, but failed due to inadvertence or because they were too obvious to need expression. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 850 (Tex. 2009). Appellant's affidavits, together with copies of checks and pay statements from Lawnpro, raised a fact issue as to the elements of their claims against appellees. *See Timpte Indus.,* 286 S.W.3d at 310. The affidavits and supporting documents indicate the parties had a working relationship formalized by checks and pay statements, and appellees breached that agreement, damaging appellants. The evidence indicates appellees made representations that they would pay appellants but instead issued additional worthless checks and failed to pay cash. We conclude appellants' evidence was sufficient to defeat appellees' no-evidence motion for summary judgment, and the trial court therefore erred in granting appellees' motion. We sustain appellants' issues.

We reverse the trial court's judgment and remand for further proceedings.