**Reverse and Remand; and Opinion Filed December 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01478-CV

**SANDRA L. CORREA, Appellant**
**V.**
**ESTHER SALAS, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04223-2011**

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Stoddart
Opinion by Justice Lang

This appeal arises from a post-answer default judgment taken by the appellee, Ester Salas ("Salas"), against the appellant, Sandra L. Correa ("Correa"). In two issues, Correa contends (1) the trial court abused its discretion in denying her motion for new trial, and (2) the evidence is legally insufficient to support the judgment. We decide in favor of Correa on her second issue, so we do not address the first. We reverse and remand for a new trial.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about June 17, 2009, Salas and Correa entered into a contract for the sale of Salas's business, Chitos Mexican Restaurant. On October 7, 2011, Salas sued Correa for breach of contract, among other things, alleging that Correa "ha[d] not fulfilled her obligation under the contract in making payments to [Salas]." Correa filed an answer and various counterclaims on October 28, 2011. The trial court set the trial date for July 22, 2013. Salas was present and

announced she was ready for trial, but Correa did not appear individually or by counsel. The trial court then held a "prove-up" hearing. During the hearing, Salas offered the contract, in English and Spanish, and the trial court admitted it into evidence. Salas did not offer any testimony or additional evidence.[1] According to the final judgment, the trial court considered "the pleadings and official records on file in this cause, the evidence presented, and the parties' arguments," judgment was rendered "in favor of the Plaintiff Esther Salas as to her Breach of Contract Claim filed against the Defendant Sandra L. Correa by Plaintiff," and Salas was awarded $55,000 in damages and $15,000 in attorney's fees. Correa filed a motion for new trial, alleging she did not receive notice of the trial setting. After a hearing, the trial court denied the motion, and this appeal followed. Salas did not file a brief or otherwise appear before this Court.

## II. POST-ANSWER DEFAULT JUDGMENT

Correa contends the exhibits offered as evidence by Salas were legally insufficient to support the default judgment because no evidence was offered to prove liability or damages.

---

[1] The following is the reporter's record of the "prove-up" hearing on July 22, 2013.

THE COURT: Salas versus Correa, let the record reflect that the defendant's name has been called by the Court officer. It's 9:30. She has not appeared. Mr. Coker, you may proceed.

MR. COKER: Your Honor, we do have a previous judgment that we want you to adopt. The only change is the higher attorney's fees. The rest is the same. I just need to prove that they didn't appear in the judgment.

THE COURT: And you don't want to make any additional record, then?

MR. COKER: Your Honor, the only thing, I would just submit what — I think we've already submitted it, but we would just submit Exhibits 1 and 1-A, which is the contract that has been —

THE COURT: 1 and 1-A?

MR. COKER: Yes, sir.

THE COURT: All right. Exhibits 1 and 1-A are admitted.

MR. COKER: Thank you.

THE COURT: All right. Judgment is granted in the amounts prayed for. The judgment is signed. Rather than conforming the other copies, because I had to interlineate this, the Court officer will make you copies. Okay?

MR. COKER: Thank you, Your Honor.

(End of proceedings.)

## A. Standard of Review

"A party against whom a post-answer default judgment has been granted may challenge the legal sufficiency of the evidence to support the judgment on appeal." *Iverson v. Dolce Mktg. Grp.*, No. 05-12-01230-CV, 2014 WL 1415106, at *2 (Tex. App.—Dallas Mar. 28, 2014, no pet.) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). "The test for legal sufficiency is 'whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.' In our review of the evidence, we 'credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.'" *Armstrong v. Benavides*, 180 S.W.3d 359, 362 (Tex. App.—Dallas 2005, no pet.) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). "If there is more than a scintilla of evidence to support the verdict, we uphold the judgment." *Id.*

## B. Applicable Law

"A post-answer default judgment occurs when a defendant answers but fails to appear at trial." *Bechem v. Reliant Energy Retail Servs., LLC*, 441 S.W.3d 839, 846 (Tex. App.—Houston [14th] 2014, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). "[A] post-answer default 'constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer.'" *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012) (quoting *Stoner*, 578 S.W.2d at 682). If the defendant files an answer, "a trial court may not render judgment on the pleadings and the plaintiff is required to offer evidence and prove all aspects of its claim." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam).

"The elements of a breach of contract claim are (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the

defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach." *Gaspar v. Lawnpro, Inc.*, 372 S.W.3d 754, 757 (Tex. App.—Dallas 2012, no pet.).

### C. Application of Law to Facts

The only evidence supplied at the "prove-up" hearing was the contract for sale of the business. No evidence was offered by Salas to prove her performance, Correa's breach, or resulting damages. *See id.* However, in its written judgment, the trial court rendered judgment in favor of Salas "as to her Breach of Contract Claim" and awarded her $55,000 in damages and $15,000 in attorney's fees. Because Salas did not offer proof of "all aspects of [her] claim," the evidence is legally insufficient to support the judgment. *See Iverson*, 2014 WL 1415106, at *2 (reversing a post-answer default judgment based on breach of contract because there was "no more than a scintilla of evidence to show that a valid contract for [appellee's] services existed"); *Armstrong*, 180 S.W.3d at 363–64 (holding appellee's evidence was legally insufficient to support a post-answer default judgment based on conversion because there was "no evidence" that appellant "took any action inconsistent with [appellee's] rights to the property"). Accordingly, we decide in favor of Correa on her second issue and need not address her first.

### III.  CONCLUSION

Because Salas did not offer evidence to prove each element of her breach of contract claim, we conclude that the evidence is legally insufficient to support the default judgment. We reverse and remand for a new trial. *See Armstrong*, 180 S.W.3d at 364.

/Douglas S. Lang/

131478F.P05

DOUGLAS S. LANG
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANDRA L. CORREA, Appellant

No. 05-13-01478-CV          V.

ESTHER SALAS, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-04223-2011.
Opinion delivered by Justice Lang. Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that appellant SANDRA L. CORREA recover her costs of this appeal from appellee ESTHER SALAS.

Judgment entered this 17th day of December, 2014.