Opinion issued April 21, 2015.



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00239-CV

————————————

**CHI VAN NGUYEN D/B/A FIRST SIGN PRODUCTION, Appellant**

**V.**

**ANNIE BUI D/B/A HYLAI TAILOR, Appellee**

On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1024207

## MEMORANDUM OPINION

In this appeal, we consider the sufficiency of the evidence to support an award of attorney's fees in a post-answer default judgment. We affirm.

## BACKGROUND

Annie Bui sued Chi Van Nguyen d/b/a First Sign Production alleging that Nguyen breached a contract to place a sign on Bui's property. The suit also asserted claims for fraud and negligent misrepresentation and sought damages in the amount of $1500. Nguyen filed an answer and was initially represented by counsel. The court dismissed Bui's case for want of prosecution on September 9, 2013, after Bui and her attorney failed to appear for trial. Bui's case was reinstated on November 5, 2013; the same day the trial court signed an order granting the withdrawal of Nguyen's attorney. The case was set for trial on February 3, 2014.

A bench trial was held on February 3, 2014. Nguyen did not appear for trial and, after hearing evidence from Bui and her attorney, a post-answer default judgment was rendered for Bui. The trial court awarded Bui $1500 in damages and $8650 in attorney's fees. The award of attorney's fees was based on Chapter 38 of the Texas Civil Practice and Remedies Code.

This appeal followed.

## PROPRIETY OF ATTORNEY'S FEES AWARD

In three related issues on appeal, Nguyen contends the trial court erred in awarding Bui attorney's fees because (1) there was no evidence of presentment, (2) the evidence was legally and factually insufficient to support such an award, and (3) the attorney's fees were excessive in comparison to the amount in controversy.

2

*Applicable Law and Standard of Review*

"A post-answer default judgment occurs when a defendant answers but fails to appear at trial." *Bechem v. Reliant Energy Retail Servs., LLC*, 441 S.W.3d 839, 846 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (*citing Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). "[A] post-answer default 'constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer.'" *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012) (*quoting Stoner*, 578 S.W.2d at 682). If the defendant files an answer, "a trial court may not render judgment on the pleadings and the plaintiff is required to offer evidence and prove all aspects of its claim." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). "The elements of a breach of contract claim are (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach." *Gaspar v. Lawnpro, Inc.*, 372 S.W.3d 754, 757 (Tex. App.—Dallas 2012, no pet.).

"A party against whom a post-answer default judgment has been granted may challenge the legal sufficiency of the evidence to support the judgment on appeal." *Iverson v. Dolce Mktg. Grp.*, No. 05–12–01230–CV, 2014 WL 1415106, at *2 (Tex. App.–Dallas Mar. 28, 2014, no pet.) (memo op.) (*citing Norman*

*Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). "The test for legal sufficiency is 'whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.' In our review of the evidence, we 'credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.'" *Armstrong v. Benavides*, 180 S.W.3d 359, 362 (Tex. App.—Dallas 2005, no pet.) (*quoting City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). "If there is more than a scintilla of evidence to support the verdict, we uphold the judgment." *Id.*

### *Presentment*

Section 38.002 provides three requirements that must be met before a party is entitled to attorney's fees under section 38.001:

> (1) the claimant must be represented by an attorney;
> (2) the claimant must present the claim to the opposing party . . . ; and
> (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 2008).  In his first issue on appeal, Nguyen contends that "[b]ecause there was no evidence regarding the date of presentment, there is no evidence that Nguyen failed to pay the amount owed before the expiration of the 30th day after the claim was presented."

Rule 93(12) of the Texas Rules of Civil Procedure provides that lack of notice or presentment claims must be verified:

> That notice and proof of loss or claim for damage has not been given as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. A denial of such notice or such proof shall be made specifically and with particularity.

TEX. R. CIV. P. 93(12). Rule 93 does not require that Bui prove notice was given, rather it requires only that Bui allege that notice was given. Once Bui alleged notice was given, as she did here in her petition, rule 93 was triggered and a verified denial was required by Nguyen, which he did not file. Lack of a verified denial by Nguyen dispensed with the necessity of Bui's proof of notice at trial. *See Sanchez v. Jary*, 768 S.W.2d 933, 936–37 (Tex. App.—San Antonio 1989, no writ); *City of Houston v. Flanagan*, 446 S.W.2d 348, 349 (Tex. Civ. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

We overrule Nguyen's first issue.

### *Sufficiency*

In his second issue, Nguyen contends that the evidence is legally insufficient[1] to support the attorney's fees, which the trial court awarded pursuant

---

[1] In a related third issue, Nguyen also complains that the judgment is not supported by factually sufficient evidence, but his argument is limited to the legal sufficiency, and we accordingly confine our analysis to legal sufficiency. *See Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 389 n.9 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Naan Props., LLC v. Affordable Power, LP*, No. 01-11-00027-CV, 2012 WL 114201, at *4 (Tex. App.—Houston [1st. Dist.] Jan. 12, 2012, no pet.) (memo. op.).

5

to section 38 of the Texas Civil Practices and Remedies Code.[2] Specifically, Nguyen contends that there was no evidence that the standard for reasonableness set forth in *Arthur Anderson & Co. v. Perry Equipment Corp*[3] or "testimony that the fees were reasonable and necessary." In short, Nguyen contends there was no evidence that Bui's attorney's fees were reasonable.

However, "[i]t is presumed[4] that the usual and customary attorney's fees for a claim of the type described in section 38.001 are reasonable." TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 (Vernon 2008). A related provision—section 38.004—

---

[2]    Section 38.001(8) provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.01(8) (Vernon 2008).

[3]    Factors that a factfinder should consider when determining the reasonableness of a fee include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Anderson & Co. v. Perry Equip. Corp*, 945 S.W.2d 812, 818 (Tex. 1997).

[4]    This presumption is rebuttable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.003. This being a default judgment, Nguyen, of course, offered no evidence to rebut the presumption.

permits a trial court in a proceeding before the court to take judicial notice of usual and customary attorney's fees as well as the contents of a case file to award attorney's fees under the statute, even without receiving additional evidence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.004 (permitting judicial notice on claim for attorney's fees under § 38.001); *Coward v. Gateway Nat'l Bank of Beaumont*, 525 S.W.2d 857, 859 (Tex. 1975); *McMahon v. Zimmerman*, 433 S.W.3d 680, 692 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Superior Ironworks, Inc. v. Roll Form Prods., Inc.*, 789 S.W.2d 430, 431 (Tex. App.—Houston [1st Dist.] 1990, no writ). Appellate courts may presume that the trial court did take such judicial notice. *McMahon*, 433 S.W.3d at 692; *Alford v. Johnston*, 224 S.W.3d 291, 300 (Tex. App.—El Paso 2005, pet. denied). Judicial notice of the usual and customary fees constitutes some evidence on which the trial court may base an award. *Coward*, 525 S.W.2d at 859; *see also Flint & Assocs. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 626 (Tex. App.—Dallas 1987, writ denied) (holding trial court may determine reasonable attorney's fees based on knowledge of usual and customary rates and review of own file, even if no other evidence offered).

Although not required to hear additional evidence on "the usual and customary attorney's fees" in a bench trial, here the trial court did, in fact, hear additional evidence. Bui's counsel testified that (1) he was familiar with the *Arthur Anderson* standard of reasonableness, (2) he charged $250 per hour, and (3)

7

he had billed 47.25 hours on the case. There was also documentary evidence supporting this testimony. The trial court, pursuant to §38.004, was permitted to take judicial notice of (1) the contents of the case file and (2) that this was a "usual and customary attorney's fee," which is presumed reasonable under §38.003.

Indeed, the record clearly shows that the trial court did, in fact, take judicial notice of its own case file, because the trial court did not award Bui the entire amount of the attorney's fees she requested. Instead, the court noted that the case had been dismissed and reinstated because Bui and her attorney did not show up for an earlier trial setting. The trial court also commented that it had been unable to rule on Bui's summary judgment because Bui's trial counsel had failed to file an affidavit in support of her summary judgment claim for attorney's fees. Accordingly, the trial court reduced the amount of attorney's fees awarded to appellant to $8650, an amount equal to 34.6 hours by her counsel rather than the 47.25 hours he had billed.

Therefore, in light of the judicial notice taken by the court pursuant to §38.004 and the evidence presented at trial, we conclude that there was legally sufficient evidence to support the attorney's fees awarded by the trial court.

We overrule issues two and three.

*Excessive Fees*

In issue four, Nguyen contends that the amount of the attorney's fees—$8650—is excessive in comparison to the amount in controversy—$1500. Nguyen argues that "[t]his was a simple debt collection case and the case was extremely overprepared." However, the amount of the recovery is but one factor to be considered in determining reasonable attorney's fees in a case. *Flint & Assocs.*, 739 S.W.2d at 626; *Failing v. Equity Mgmt. Corp*, 674 S.W.2d 906, 910 (Tex. App.—Houston [1st Dist.] 1984, no writ). There is no legal rule that an attorney's fees award may not exceed a damages award; and, in circumstances where it does, this fact does not render such an attorney's fees award unreasonable. *See Bundren v. Holly Oaks Townhomes Ass'n*, 347 S.W.3d 421, 441 (Tex. App.—Dallas 2011, pet. denied); *see also Bank of Tex. v. VR Elec., Inc.*, 276 S.W.3d 671, 684–85 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (rejecting argument "that the award of attorney's fees was unreasonable because they were excessive with respect to the amount in controversy"). The determination of what is reasonable cannot be made by application of some mechanical formula, and the court must take into consideration the entire nature of the case. *Flint & Assocs.*, 739 S.W.2d at 626.

It is clear from the record that the trial court did so here. As detailed above, the trial court did not award Bui the entire amount she presented at trial. Bui's attorney testified that he worked on the case for 47.25 hours, which at $250 per hour, equaled $11,812.50. After noting that Bui's case had once been dismissed

and reinstated after Bui and her counsel failed to appear for trial, and remarking that the trial court had requested, but was not provided, an attorney's fees affidavit so that it could rule on Bui's summary judgment before trial, the trial court reduced Bui's attorney's fees to $8650, an amount equal to only 34.6 hours at a billing rate of $250 per hour. Thus, the trial court determined that 34.6 hours was a reasonable amount of time to have spent on the case rather than the 47.25 hours claimed. Additionally, the trial court awarded $0 dollars for work performed by another attorney on the case. The trial court also heard testimony from Bui's counsel that the case was made more difficult than necessary because Nguyen refused to produce documents requested through discovery, and therefore Bui's counsel had to file a motion to compel and send a second request for documents and interrogatories.

After reviewing the entire record, we conclude that the attorney's fees awarded in this case are reasonable and not excessive, especially in light of the unrebutted presumption that usual and customary fees are reasonable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.003.

We overrule issue four.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.